# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

TERESA L. DEPPNER
CLERK OF COURT

MAILING ADDRESS:
P. O. BOX 2546
CHARLESTON, WV 25329-2546

UNITED STATES DISTRICT COURT ★ SOUTHERN DISTRICT OF WEST VIRGINIA ★

STREET ADDRESS:
300 VIRGINIA STREET EAST
SUITE 2400
CHARLESTON, WV 25301

TELEPHONE (304) 347-3000

September 24, 2007

FILED
SEP 27 2007
MICHAEL E. KUNZ, Clerk
By__________Dep. Clerk

07-CR-493
ED of PA

United States District Court
Office of the Clerk
601 Market Street, Room 2609
Philadelphia, PA 19106

United States of America vs. Brandon Weir
Criminal Action No. 2:01-00019-02

Dear Clerk,

Pursuant to the Transfer of Jurisdiction, in the above-referenced criminal action, please find enclosed certified copies of the Order of Transfer, Indictment, Judgment Order, and the criminal docket sheet from the United State District Court for the Southern District of West Virginia.

If you have any questions concerning this matter, please do not hesitate to contact this office.

Sincerely yours,

Teresa L. Deppner,
Clerk of Court

By____________________
Deputy Clerk

Enclosures
cc: Probation Office SDWV

Receipt is hereby acknowledge of the documents described herein.

Date:______________ By:______________
Deputy Clerk

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | |
|---|---|
| DOCKET NUMBER (Tran. Court) | 2:01CR00019-002 |
| DOCKET NUMBER (Rec. Court) | CR 07-493 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Brandon Weir<br>319 East Indiana Avenue<br>Philadelphia, Pennsylvania 19134 | Southern District of WV | Charleston |
| | NAME OF SENTENCING JUDGE: John T. Copenhaver, Jr. | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM: [illegible] TO: April 9, 2011 |

OFFENSE

21 U.S.C. § 846, Conspiracy to Distribute 100 grams or more of Heroin

ENTERED
SEP 21 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the EASTERN DISTRICT OF PENNSYLVANIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

June 29, 2007
*Date*

[signature]
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Aug 20, 2007
*Effective Date*

[signature]
*United States District Judge*

Sealed warrants

SEP 24 2007

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 99-2
JANUARY 23, 2000 SESSION

FILED
JAN 25 2001
U. S. District Court

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:01-00019-01
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

RON WEIR -01
BRANDON WEIR -02
H.O. CAMPSEY -03
IVA MAE FOUTY -04
BRAD HOLLEY -05
JUAN WALKER -06
JASON DAVIS -07

**I N D I C T M E N T**

The Grand Jury Charges:

COUNT ONE

From in or about June, 1999, to in or about January, 2001, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia and elsewhere, defendants RON WEIR, BRANDON WEIR, H.O. CAMPSEY, IVA MAE FOUTY, BRAD HOLLEY, JUAN WALKER, and JASON DAVIS, and other persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute 100 grams or more of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 846.

**COUNT TWO**

On or about October 19, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JUAN WALKER knowingly and intentionally distributed a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about November 1, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JUAN WALKER knowingly and intentionally distributed a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR**

On or about November 4, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JASON DAVIS, aided and abetted by another person whose identity is known to the Grand Jury, knowingly and intentionally possessed with intent to distribute a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FIVE**

On or about November 10, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant H.O. CAMPSEY knowingly and intentionally possessed with intent to distribute a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

1. On or about the 10th day of November, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant H.O. CAMPSEY did knowingly possess a Davis Industries Model D32.32 caliber Derringer, Serial Number 551514, in and affecting commerce.

2. At the time defendant H.O. CAMPSEY possessed the aforesaid firearm, he had been convicted a crime, punishable by a term of imprisonment exceeding one year, as defined in 18 U.S.C. § 921(a)(20); that is, convicted on or about March 29, 1996, of Attempted Burglary-Second Degree, in violation of 21 Oklahoma Statute Annotated § 1435, in the District Court of Pontotoc County, Oklahoma.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SEVEN

On or about November 14, 2000, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant JUAN WALKER knowingly and intentionally distributed a quantity of cocaine, also known as "coke," a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE FOR DRUG VIOLATIONS

In accordance with 21 U.S.C. § 853(a) and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of the defendants BRAD HOLLEY and JUAN WALKER of a violation of Subchapter I of Title 21, United States Code, as set forth in Count One of this Indictment, the defendants shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense in Count One, including but not limited to the sum of $8,811, more or less, in United States currency in that such sum in aggregate constitutes the gross proceeds derived by the defendants from the conspiracy during the period alleged in Count One, for which the defendants are liable.

A True Bill.

David J. Young

Foreperson

REBECCA A. BETTS
United States Attorney

By: Samuel S. Marsh
Assistant United States Attorney

FORM DBD-34
JUN. 85

No. ____________

# UNITED STATES DISTRICT COURT

SOUTHERN District of WEST VIRGINIA

CHARLESTON Division

## THE UNITED STATES OF AMERICA

*vs.*

| | |
|---|---|
| RON WEIR | BRAD HOLLEY |
| BRANDON WEIR | JUAN WALKER |
| H.O. CAMPSEY | JASON DAVIS |
| IVA MAE FOUTY | |

## INDICTMENT

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

*A true bill.*

David D. Young
*Foreman*

*Filed in open court this* ________________ *day,*

*of* ____________ *A.D. 19* ______

______________________________
*Clerk*

*Bail, $* ______________

AO 245B (Rev 8 96) sheet - Judgment in a Criminal Case

ENTERED
SEP - 9 2002
SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Cou
Southern District of West Virgir

# United States District Court
## Southern District of West Virginia

UNITED STATES OF AMERICA
v.
**Brandon Weir**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **2:01-00019-02**

**Stephen L. Gaylock, Esq.**
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) **one of the seven-count indictment.**

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| **18 U.S.C. Section 846** | **Conspiracy to Distribute 100 Grams or More of Heroin** | **01/31/2001** | **one** |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuan to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name residence, or mailing address until all fines, restitution, costs, and special assessments imposed by thi judgment are fully paid.

Defendant's Soc Sec No.: **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**
Defendant's Date of Birth: **06/29/1982**
Defendant's USM No.: **24776-018**

**September 3, 2002**
Date of Imposition of Judgment

Defendant's Residence Address

**South Central Regional Jail**
**1001 Centre Way**
**Charleston, WV 25309-1001**

Signature of Judicial Officer

JOHN T. COPENHAVER, JR.
**United States District Judge**
Name & Title of Judicial Officer

Defendant's Mailing Address.

**Same as above.**

SEP 24 2007

September 9, 2002
Date

DEFENDANT: Brandon Weir

CASE NUMBER: 2:01-00019-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **66 months.**

☒ The Court makes the following recommendations to the Bureau of Prisons:

**That the defendant: (1) be designated to an institution where a Residential Drug Treatment Program can be made available to him; and (2) to the extent compatible with the first recommendation, be designated to an institution as close to Philadelphia, Pennsylvania, as feasible.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at __________ a.m./p.m. on __________
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on __________
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on __________ to __________

at __________ with a certified copy of this judgment.

__________
UNITED STATES MARSHAL

By __________
DEPUTY US MARSHAL

DEFENDANT: Brandon Weir
CASE NUMBER: 2:01-00019-02

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised releas in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment,

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administerec
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) you shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
15) you shall not purchase or possess a destructive device or other dangerous weapon at any time;
16) you shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer.

DEFENDANT: Brandon Weir

CASE NUMBER: 2:01-00019-02

## SPECIAL CONDITIONS OF SUPERVISION

17) The defendant shall submit to random urinalysis or any other drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program, including in-patient substance abuse treatment, as directed by the probation officer.

18) The fine shall be paid within the time and as directed by the court.

DEFENDANT: **Brandon Weir**

CASE NUMBER: **2:01-00019-02**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | $ 100.00 | $ 1,000.00 | $ |

The court notes that the special assessment was previously paid.

☐ If applicable, restitution amount ordered pursuant to plea agreement............................................ $ ____________

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ ____________

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 1 8 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(9).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until ____________ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| | | | |
| **Totals :** | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Brandon Weir

CASE NUMBER: 2:01-00019-01

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ in full immediately; or

B ☐ $ ________________ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than ________________, or

D ☐ in installments to commence ________________ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in ________________ (e.g., equal, weekly, monthly, quarterly) installments of $ ________________ over a period of ________________ to commence ________________ after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The court notes that the $100 special assessment was previously paid. The $1,000 fine shall be paid from prison earnings at the rate of $25 per month commencing on December 1, 2002, with payment due on the first day of each month thereafter until paid in full. In the event the fine is not paid in full upon commencement of supervised release, payments shall be made at the rate of $100 per month until paid in full.**

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal moneta penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program a to be made as directed by the court, the probation officer, or the United States attorney.

25BC, APPEAL, CLOSED

# United States District Court
# Southern District of West Virginia (Charleston)
# CRIMINAL DOCKET FOR CASE #: 2:01-cr-00019-2
# Internal Use Only

Case title: USA v. Weir, et al

Date Filed: 01/31/2001
Date Terminated: 09/03/2002

---

Assigned to: Judge John T. Copenhaver, Jr.

**Defendant**

**Brandon Weir** (2)
*TERMINATED: 09/09/2002*

represented by **David O. Schles**
815 Quarrier Street
Suite 306
Charleston, WV 25031
304/344-1559
Fax: 304/344-2339
Email: Schles_law@verizon.net
*TERMINATED: 05/06/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Stephen L. Gaylock**
205 Capitol Street
Suite 301
Charleston, WV 25301
304/346-9999
Fax: 342-8445
*TERMINATED: 09/09/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

SEP 24 2007

**Pending Counts**

21:846 CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE; heroin; forfeiture.
(1)

**Disposition**

66 mos. impr., 5 yrs SRT, $100.00 sp. assmt., $1,000.00 fine

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**United States of America**
*TERMINATED: 09/09/2002*

represented by **Samuel D. Marsh**
U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 347-5104
*TERMINATED: 09/09/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/30/2001 | | PROBATION OFFICER ASSIGNED as to Brandon Weir. PRETRIAL SERVICES: Cueva; PRESENTENCE INVESTIGATION: Ward; SUPERVISION: Cueva. (pdb) Modified on 04/26/2002 (Entered: 01/31/2001) |
| 01/31/2001 | 1 | INDICTMENT as to Ron Weir count 1, Brandon Weir count 1, H.O. Campsey counts 1, 5, 6, Iva Mae Fouty count 1, Brad Holley count 1, Juan Walker counts 1, 2, 3, 7, Jason Davis counts 1, 4. (unsealed 1/31/01 originally filed 1/25/01) (pdb) |
| 01/31/2001 | 3 | DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION as to Brandon Weir (cc: U.S. Marshal). (unsealed 1/31/01 originally filed 1/25/01) (pdb) |
| 01/31/2001 | | BENCH WARRANT issued as to Brandon Weir. (unsealed 1/31/01 originally filed 1/25/01) (pdb) |
| 01/31/2001 | 17 | ORDER as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis; directing that the indictment be unsealed. cc: USA; USM; USP; Judge (Signed by Magistrate Judge Taylor) (pdb) |
| 01/31/2001 | | (Court only) **ADDED GOVERNMENT ATTORNEY Samuel D. Marsh as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, |

| | | |
|---|---|---|
| | | Brad Holley, Juan Walker, Jason Davis (pdb) |
| 02/07/2001 | 37 | GRAND JURY RETURN ORDER as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis; Grand Jury No. 99-2 at Charleston returned indictments 1/25/01 (signed by Magistrate Judge Mary S. Feinberg) (cc: Counsel; U.S. Attorney; U.S. Marshal; Probation Office; Judge). (pdb) (Entered: 02/08/2001) |
| 02/12/2001 | 53 | RESPONSE by USA to defts' Standard Discovery Requests and REQUEST by USA for Reciprocal Discovery. (pdb) (Entered: 02/13/2001) |
| 02/20/2001 | 56 | SEALED (tmr) |
| 02/20/2001 | 57 | ORDER as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis; Granting the govt's motion for authorization to disclose specified grand jury materials to counsel for deft and directing that the motion be filed under seal; court places certain restrictions on use of g/j mtrl. cc: counsel; USA; Judge (Signed by Judge John T. Copenhaver, Jr.) (tmr) Modified on 03/02/2001 |
| 02/20/2001 | | (Court only) **EXCLUDABLE XE START as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis (tmr) |
| 02/21/2001 | 59 | FEBRUARY 21, 2000 SUPPLEMENTAL RESPONSE by USA to Standard Discovery Requests from defendants Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis and REQUEST of the United States for reciprocal discovery. (pdb) (Entered: 02/23/2001) |
| 02/27/2001 | 64 | FEBRUARY 27, 2000 SUPPLEMENTAL RESPONSE by USA to Standard Discovery Requests from defendant Ron Weir, defendant Brandon Weir, defendant H.O. Campsey, defendant Iva Mae Fouty, defendant Brad Holley, defendant Juan Walker, defendant Jason Davis and REQUEST of the USA for reciprocal discovery. (pdb) (Entered: 02/28/2001) |
| 02/28/2001 | 66 | ORDER as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis; directing that the hearing on pre-trial motions scheduled for 2/28/01 is continued generally to a date to be set by the court. cc: defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (pdb) (Entered: 03/02/2001) |
| 02/28/2001 | 67 | SEALED (2508). (pdb) (Entered: 03/02/2001) |
| 03/01/2001 | | (Court only) **LOCATION LF as to Brandon Weir (jkk) (Entered: 11/15/2001) |
| 03/12/2001 | 72 | ORDER as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis, reset Pretrial Motions Hearing previously set for 02/28/01 for 9:30 4/25/01 , reset Jury Trial previously set for 03/26/01 for 9:30 5/7/01. cc: defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (tmr) Modified on |

| | | |
|---|---|---|
| | | 03/14/2001 |
| 05/02/2001 | 92 | SEALED (tmr) |
| 05/02/2001 | 93 | ORDER as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis; upon considering the govt's motion for authorization to disclose specified g/j mtrls; finding that the disclosure of g/j mtrls is necessary as aid in the preparation of the presentence reports and directing US Atty to disclose the same to USP; court places certain restrictions on the use of g/j mtrls; directing that the motion be filed under seal. cc: counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (tmr) Modified on 05/10/2001 |
| 02/11/2002 | 154 | RULE 40 DOCUMENTS as to Brandon Weir received from MD/FL; Magistrate Case number: 02-1006-01, documents received include certifed copy of docket sheet, commitment to another district, findings and order on removal proceedings, CJA 20 appointment of counsel, praecipe for appearance, financial affidavit, clerk's minutes, indictment and warrant. cc: Mag. Judge. (tmr) Modified on 02/13/2002 |
| 02/20/2002 | 156 | MOTION by USA as to Brandon Weir for Detention Hearing . (pdb) |
| 02/21/2002 | | ARRAIGNMENT AND DETENTION HEARING as to Brandon Weir held. (Magistrate Judge Mary E. Stanley; Court Reporter: Electronic) (pdb) Modified on 02/21/2002 |
| 02/21/2002 | 157 | DETENTION ORDER as to Brandon Weir; remanding defendant to custody of U.S. Marshal. (Signed by Magistrate Judge Mary E. Stanley) cc: defendant and counsel; USA; USM; USP; Judge (pdb) |
| 02/21/2002 | 158 | ARRAIGNMENT ORDER AND STANDARD DISCOVERY REQUESTS: Upon Hearing Held 2/21/02; deft. Brandon Weir entered PNG to Indictment; trial set to a jury on 9:30 4/15/02; pretrial hearing on motions set 1:15 3/28/02 before Judge John T. Copenhaver, Jr.; pretrial motions due by 3/21/02; proposed voir dire questions and jury instructions due by 4/5/02; deft did not execute a waiver of right to be present at the hearings on motions prior to trial; deft was detained; Standard Discovery Request Form executed; govt's responses to deft's standard discovery requests due no later than 10 days upon entry of order; reciprocal discovery and filing of additional motions by deft due w/in 10 days of receipt of the materials and filing of the govt's written response to deft's standard discovery requests; jury questionnaires for the petit jurors on the current panel shall be made available to each party for inspection and copying. (signed by Magistrate Judge Mary E. Stanley) (cc: deft and counsel, USA, USM, USP; Judge; Jury Clerk) (pdb) |
| 02/21/2002 | | (Court only) **ADDED for Brandon Weir ATTORNEY David O. Schles (pdb) |
| 02/21/2002 | 159 | ORDER Upon hearing held 2/21/02 as to Brandon Weir; directing that deft is remanded to the custody of the USM pursuant to the findings in the Detention Order entered of even date. cc: defendant and counsel; USA; USM; USP; Judge (Signed by Magistrate Judge Mary E. Stanley) |

| | | |
|---|---|---|
| | | (pdb) |
| 02/21/2002 | 160 | PROBATION OFFICER ASSIGNMENT/SUPERVISION FORM as to Brandon Weir; PROBATION OFFICER: Cueva; Type of Assignment: Pretrial Services and Supervision. (tmr) (Entered: 02/22/2002) |
| 02/22/2002 | 161 | CJA 20 APPOINTMENT of Attorney David O. Schles as to Brandon Weir. (Signed by Magistrate Judge Mary E. Stanley) (pdb) |
| 03/04/2002 | 162 | RESPONSE by USA to deft's Standard Discovery Requests and REQUEST by USA for Reciprocal Discovery. (tmr) (Entered: 03/05/2002) |
| 03/11/2002 | 166 | SEALED (tmr) |
| 03/11/2002 | 167 | ORDER as to Brandon Weir; granting govt's motion for authorization to disclose specified g/j mtrls. and authorizing the disclosure of the same ; court places restrictions on the use of g/j mtrls.; directing that the govt's motion for authorization to disclose be sealed. cc: counsel; USA; Judge (Signed by Judge John T. Copenhaver, Jr.) (tmr) Modified on 03/13/2002 |
| 03/11/2002 | | (Court only) **EXCLUDABLE XE START as to Brandon Weir (tmr) |
| 03/18/2002 | 168 | PETITION/ORDER as to Brandon Weir directing the Clerk to issue a WHCAT for H. O. Campsey, returnable 4/15/02 at 9:30 a.m. (Signed by Magistrate Judge Mary E. Stanley) cc: counsel; USA; USM; USP; Judge (tmr) |
| 03/18/2002 | | WRIT of Habeas Corpus ad Testificandum issued and delivered to USM for H. O. Campsey for 4/15/02 at 9:30 a.m. in case as to Brandon Weir (tmr) |
| 03/25/2002 | 169 | MOTION by USA as to Brandon Weir to schedule guilty plea hearing . (pdb) |
| 03/28/2002 | 170 | BENCH WARRANT RETURNED EXECUTED as to Brandon Weir on 2/5/02 (tmr) |
| 03/29/2002 | 171 | ORDER as to Brandon Weir; directing that the hearing on pre-trial motions be continued generally, the parties having resolved the issues arising thereon. cc: defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (pdb) |
| 03/29/2002 | 172 | ORDER as to Brandon Weir; granting govt's [169-1] motion to schedule guilty plea hearing; set Plea Hearing for 1:15 4/10/02 . cc: defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (pdb) |
| 04/16/2002 | 173 | NOTICE OF APPEARANCE for Brandon Weir by Retained Attorney Stephen L. Gaylock (tmr) |
| 04/18/2002 | 174 | ORDER as to Brandon Weir; reset Plea Hearing previously scheduled for 4/10/02 to 1:30 4/18/02 . cc: defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (pdb) |
| | | |

| | | |
|---|---|---|
| 04/18/2002 | | PLEA HEARING as to Brandon Weir; hearing continued to 1:15 p.m. 4/25/02. (Judge John T. Copenhaver, Jr.; Court Reporter: Steinke) (tmr) |
| 04/25/2002 | | SPECIAL ASSMT. PAYMENT RECEIVED as to Brandon Weir: $100.00 RECEIVED, RECEIPT NUMBER 10682. cc: U.S. Attorney; U. S. Probation. (tmr) |
| 04/25/2002 | | PLEA HEARING as to Brandon Weir held (Judge John T. Copenhaver, Jr.; Court Reporter: Steinke) (tmr) |
| 04/25/2002 | 175 | WRITTEN GUILTY PLEA by Brandon Weir to count 1 of the seven-count indictment (tmr) |
| 04/25/2002 | 176 | LETTER-FORM PLEA AGREEMENT as to Brandon Weir (cc: USP) (tmr) |
| 04/26/2002 | 177 | PROBATION OFFICER ASSIGNMENT/SUPERVISION FORM as to Brandon Weir; PROBATION OFFICER: Ward; Type of Assignment: Presentence Investigation. (pdb) |
| 05/06/2002 | 178 | ORDER Upon hearing held 4/25/02 as to Brandon Weir; filing of the plea agreement and written guilty plea; adjudging deft guilty and convicted of one violation of Title 21, USC, Section 846, as charged in count one of the seven-count indictment; draft PSI report due 6/12/02; objections due 6/26/02; final PSI report due 7/10/02; set Sentencing for 1:15 7/17/02 ; deft remanded to custody of the USM; directing that David O. Schles' appointment as deft's counsel be terminated, as deft has retained Stephen L. Gaylock to represent him in this case. cc: defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (pdb) |
| 05/06/2002 | | (Court only) **TERMINATED attorney David O. Schles for Brandon Weir (pdb) (Entered: 05/14/2002) |
| 05/08/2002 | 179 | WRIT of Habeas Corpus ad Testificandum returned unexecuted on 4/15/02 for H. O. Campsey in case as to Brandon Weir (tmr) |
| 05/31/2002 | 181 | PETITION/ORDER as to Brandon Weir directing the Clerk to issue a WHCAT for H. O. Campsey, returnable 7/17/02 at 1:15 p.m. (Signed by Magistrate Judge Mary E. Stanley) cc: counsel; USA; USM; USP; Judge (tmr) |
| 05/31/2002 | | WRIT of Habeas Corpus ad Testificandum issued and delivered to USM for H. O. Campsey for 7/17/02 at 1:15 p.m. in case as to Brandon Weir (tmr) |
| 07/09/2002 | 184 | MOTION by USA as to Brandon Weir to Continue sentencing hearing (tmr) |
| 07/11/2002 | 185 | WRIT of Habeas Corpus ad Testificandum returned unexecuted on 7/8/02 for H. O. Campsey in case as to Brandon Weir (tmr) |
| 07/24/2002 | 186 | ORDER as to Brandon Weir; granting govt's [184-1] motion to Continue sentencing hearing, reset 7/17/02 Sentencing for 1:30 8/20/02 cc: |

| | | |
|---|---|---|
| | | defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (tmr) Modified on 07/31/2002 |
| 08/02/2002 | 187 | PETITION/ORDER as to Brandon Weir directing the Clerk to issue a WHCAT for Andrew Primavera, returnable 8/20/02 at 1:30 p.m. (Signed by Judge Charles Haden II) cc: counsel; USA; USM; USP; Judge (tmr) |
| 08/02/2002 | | WRIT of Habeas Corpus ad Testificandum issued and delivered to USM for Andrew Primavera for 8/20/02 at 1:30 p.m. in case as to Brandon Weir (tmr) |
| 08/14/2002 | 188 | MOTION by USA as to Brandon Weir to Continue sentencing hearing (tmr) (Entered: 08/15/2002) |
| 08/15/2002 | 189 | PETITION/ORDER as to Brandon Weir directing the Clerk to issue a WHCAT for Andrew Primavera, returnable 9/3/02 at 1:15 p.m. (Signed by Judge John T. Copenhaver, Jr.) cc: counsel; USA; USM; USP; Judge (tmr) |
| 08/15/2002 | | WRIT of Habeas Corpus ad Testificandum issued and delivered to USM for Andrew Primavera for 9/3/02 at 1:15 p.m. in case as to Brandon Weir (tmr) |
| 08/20/2002 | 190 | ORDER as to Brandon Weir; granting govt's [188-1] motion to Continue sentencing hearing; reset Sentencing for 1:15 9/3/02. cc: defendant and counsel; USA; USM; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (tmr) |
| 08/27/2002 | 191 | WRIT of Habeas Corpus ad Testificandum executed for Andrew Primavera on 8/16/02 in case as to Brandon Weir. (pdb) |
| 09/03/2002 | | SENTENCING held (Judge John T. Copenhaver, Jr.; Court Reporter: Steinke) Brandon Weir (tmr) (Entered: 09/04/2002) |
| 09/03/2002 | | Exhibit and Witness list by USA as to Brandon Weir; exhibit nos. 1 and 2, inclusive, re: sentencing held 9/3/02. (tmr) (Entered: 09/04/2002) |
| 09/09/2002 | 192 | JUDGMENT upon sentencing held 9/3/02 as to Brandon Weir; count 1, 66 mos. impr.; recommending that deft be designated to an institution where a Residential Drug Treatment Program can be made available to him; and (2) to the extent compatible with the first recommendation, be designated to an institution as close to Philadelphia, PA, as feasible; deft remanded to custody of the USM; 5 yrs SRT, $100.00 sp. assmt., previously paid; $1,000.00 fine, payable as set forth herein. (Signed by Judge John T. Copenhaver, Jr.) cc: defendant and counsel; USA; USM; USP; Judge (tmr) |
| 09/09/2002 | 193 | ORDER as to Brandon Weir; directing that the attached Statement of Reasons be filed under seal; Clerk is directed to forward a sealed copy of the Statement of Reasons to counsel of record and USP for forwarding to the USSC and BOP. cc: counsel; USA; USP; Judge (Signed by Judge John T. Copenhaver, Jr.) (tmr) |
| 09/09/2002 | 194 | SEALED (tmr) |

| | | |
|---|---|---|
| 09/09/2002 | | **CASE CLOSED as to Ron Weir, Brandon Weir, H.O. Campsey, Iva Mae Fouty, Brad Holley, Juan Walker, Jason Davis (all defendants). (tmr) |
| 09/10/2002 | 195 | WRIT of Habeas Corpus ad Prosequendum executed as to Brandon Weir on 8/30/02 (tmr) |
| 10/02/2002 | 196 | NOTICE by USA as to Brandon Weir; the deft has paid in full the assessment imposed in this action and the record is closed. cc: Court Administration (pdb) |
| 01/23/2003 | 200 | JUDGMENT RETURNED EXECUTED as to Brandon Weir; on 12/2/02. Defendant was delivered to FCI Fort Dix. (pdb) |
| 09/13/2005 | 234 | CRIMINAL FINE PAYMENT as to Brandon Weir. Receipt No. 17162; Amount: $25.00. (mkw) |
| 05/18/2006 | 260 | CRIMINAL FINE PAYMENT as to Brandon Weir. Receipt No. 18499; Amount: $100.00. (taq) (Entered: 05/19/2006) |
| 08/03/2006 | 264 | CRIMINAL FINE PAYMENT as to Brandon Weir. Receipt No: 18914; Amount: $100. (tmr) |
| 10/26/2006 | 268 | CRIMINAL FINE PAYMENT as to Brandon Weir. Receipt No: 19470; Amount: $125.00. (cc: USA, Administrative Services, WVSP) (taq) |
| 11/03/2006 | 269 | LETTER by USA as to Brandon Weir indicating that the defendant has paid in full all criminal monetary impositions in this criminal action. cc: Court Services. (Call, Gary) |
| 05/25/2007 | 271 | PETITION/ORDER as to Brandon Weir; modifying conditions of supervision with consent of the defendant. Signed by Judge John T. Copenhaver, Jr. on 5/25/2007. (cc: Judge, USA, USP, USM, counsel) (tmr) |
| 09/21/2007 | 272 | SUPERVISED RELEASE JURISDICTION Transferred TO Eastern District of Pennsylvania as to Brandon Weir. Transmitted (tmr) Modified on 9/24/2007 to delete excess text(Proctor, Rebecca). (Entered: 09/24/2007) |
| 09/24/2007 | 273 | LETTER to Clerk, United States District Court, Eastern District of Pennsylvania, from Clerk, United States District Court, Southern District of West Virginia, dated 9/24/2007, re: trasnfer of jurisdiction. (tmr) |